# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN KACHAYLO, ) | CASE NO. 4:10-CV-00795 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORADUM OPINION** |
| BROOKFIELD TOWNSHIP BOARD ) | **& ORDER** |
| OF TRUSTEES, *et al.* ) | [Resolving Doc. 18] |
| ) | |
| DEFENDANTS. ) | |

Before the Court is the motion of Defendants Brookfield Township Board of Trustees ("Brookfield"), Keith Barrett, Ronald Haun, Gary Lees, Janalyn Saloom, and John Schmidt for judgment on the pleadings or, in the alternative, to dismiss pursuant to Fed. R. Civ. P. 9(b). (Doc. 18.) Defendants' motion is **GRANTED**, as set forth below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Brian Kachaylo filed the Complaint on April 15, 2010. (Doc. 1; herein "Compl.") Defendants answered on August 12, 2010. (Doc. 13.) Plaintiff, a former lieutenant firefighter/paramedic and EMS operations officer for defendant Brookfield, alleges that he was asked by Defendant Fire Chief Barrett to instruct other paramedics to submit false Medicaid and Medicare claims to the federal government. (Compl. ¶¶ 5, 13, 14.) Plaintiff further alleges that Chief Barrett directed all aspects of the Medicaid and Medicare billing process for ambulance services even though he had been debarred by the Department of Health and Human Services ("DHHS") from participation in Medicaid and Medicare programs. (*Id.* ¶ 13.) Plaintiff claims

1

that he informed Brookfield of Chief Barrett's debarment. (*Id.*¶ 15.) Plaintiff alleges that Defendants presented or caused to be presented numerous false claims for payment or approval in violation of the False Claims Act, and that Plaintiff refused to participate. (*Id*. ¶¶ 17, 18.)

Plaintiff brings one claim against all Defendants, under the whistleblower section of the False Claims Act, 31 U.S.C. § 3730(h). (Compl. ¶¶ 16-20.) The Complaint alleges that Plaintiff "in fact investigated and assisted a Federal investigation of the false claims and debarment of Barrett." (*Id.* ¶ 18.) It further alleges that Defendants retaliated against Plaintiff because of his engagement in activities protected under the whistleblower section, and that he is therefore entitled to reinstatement with seniority status, twice the amount of back pay with interest, and attorneys' fees. (*Id*. ¶¶ 19, 20.) The Complaint's caption indicates that defendants Gary Lees, John Schmidt, and Ronald Haun are members of the Brookfield Township Board of Trustees. (*Id*.) Nowhere does the Complaint indicate Janalyn Saloom's relationship to the incidents alleged therein, except that it states that all Defendants, "approved, condoned, and participated in retaliation against" Plaintiff. (*Id.* ¶ 7.)

On September 23, 2010, Defendants moved for judgment on the pleadings or, in the alternative, to dismiss pursuant to Fed. R. Civ. P. 9(b). (Doc. 18.) Plaintiff opposed their motion (Doc. 20), and Defendants replied (Doc. 21). This matter is ripe for determination.

## II. STANDARD OF REVIEW

A Rule 12(c) motion may be filed "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard of review for a motion under Rule 12(c) is the same as that for a motion brought pursuant to Rule 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008); *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 851 (6th Cir. 2001) (*citing Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). The Court must take

all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Jelovsek*, 545 F.3d at 434; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n. 3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (quoting Fed. R. Civ. P. 8(a)(2)).[1]

The dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)).

---

[1] This Court notes that, contrary to Defendants' assertion in their moving papers, there is no heightened pleading standard applicable in this case pursuant to Fed. R. Civ. P. 9(b). Defendants' assertion appears to be advanced upon their mistaken belief that plaintiff proceeds *qui tam*, (s*ee* Doc. 18 at 5-7), which he does not. (*See* Doc. 20 at 2.)

### III. LEGAL ANLYSIS

The whistleblower section of the False Claims Act ("FCA") protects employees who contribute to an action exposing fraud against the government. 31 U.S.C. § 3730(h). The whistleblower section was amended by Congress on May 20, 2009, and in enacting the amendment Congress explicitly provided that it "shall take effect on the date of enactment of this Act and shall apply to conduct on or after the date of enactment." Fraud Enforcement and Recovery Act of 2009, Pub. L. No.111-21, § 4(f), 123 Stat. 1617, 1625. Where, as here, Congress has "expressly provided that the statute in question […] should not apply retrospectively" a court should "follow Congress' express prescription and apply the statute accordingly." *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 160 (3d Cir. 1998). Accordingly, this Court shall apply the whistleblower section valid at the time the incidents alleged in the Complaint occurred.[2] At the time the alleged incidents occurred, the whistleblower section stated:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms or conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h) (amended 2009).

In order to establish a claim for retaliatory discharge under the law that was in effect prior to the 2009 amendments, a plaintiff must show that "(1) he engaged in a protected

---

[2] The Complaint alleges that in June 2007, Chief Barrett asked Plaintiff "to boost Medicaid and Medicare billing by having other paramedics submit false and/or unnecessary claims." (Compl. ¶ 12.) While Plaintiff supplies no dates concerning the remaining incidents alleged in the Complaint, both parties refer in their briefings to the version of the whistleblower section that was amended by Congress in 1986. This Court shall assume that the remaining incidents occurred prior to May 2009 and, therefore, shall discuss and apply the law that was valid prior to the 2009 amendments.

activity; (2) his employer knew that he engaged in the protected activity; and (3) his employer discharged or otherwise discriminated against the employee as a result of the protected activity." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (2003) (citing *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513-14 (6th Cir. 2000) ("*McKenzie II*")[3]). To survive a judgment on the pleadings, plaintiff must allege facts sufficient to support each element. Failure to allege facts sufficient to support a single element merits dismissal. *E.g., Yuhasz*, 341 F.3d at 566-68.

The first element of "protected activity" refers to "acts done […] in furtherance of […] an action filed or to be filed under" Section 3730(h). *McKenzie II,* 219 F.3d at 515. Section 3730(h) itself specifies that "protected activity" includes "investigation for, initiation of, testimony for, or assistance in an action filed or to be filed" under the FCA. 31 U.S.C. § 3730(h) (amended 2009). The Sixth Circuit has held that "protected activity" should be interpreted broadly. *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 944 (6th Cir. 1997) (*McKenzie I*) (citation omitted). Indeed, Plaintiff need not have actually filed suit under the FCA to receive whistleblower protection accorded by Section 3730(h). Rather, in accordance with other circuits, the Sixth Circuit has interpreted "in furtherance of" to require that Plaintiff be "investigating matters that reasonably could lead to a viable False Claims Act case." *Id.; see also Dookeran v. Mercy Hosp. of Pittsburgh*, 281 F.3d 105, 108 (3d Cir. 2002) (holding there must "at least be a distinct possibility that a viable FCA action could be filed.")

Here, the Complaint alleges that Plaintiff "in fact investigated and assisted a Federal investigation of the false claims" and "engaged in protected activities as defined by 31

---

[3] Two related cases were decided by the Sixth Circuit, both of which involved the same plaintiff. The first was conducted as a *qui tam* action. *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935 (6th Cir. 1997). The 6th Circuit dismissed that action in part and remanded the remainder for further proceedings. It next came before the Sixth Circuit as a retaliation claim. *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508 (6th Cir. 2000). In citing these two cases, the Court will refer to them as *McKenzie I* and *McKenzie II*, respectively.

U.S.C. § 3730(h)." (Compl. ¶¶ 18, 19.) Such general conclusions, however, are "not entitled to the assumption of truth" by a court considering a Rule 12 motion; they "must be supported by factual allegations" to state a claim and meet the Rule 8 pleading requirements. *Iqbal*, 129 S.Ct. at 1950; *see also Twombly*, 550 U.S. at 556, n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (citation omitted).

In his opposition papers, Plaintiff argues that the Complaint includes two factual allegations to support his claims that he engaged in a "protected activity": First, that he refused to instruct other paramedics to submit false claims to the federal government; and second, that he informed Brookfield of Chief Barrett's debarment from Medicaid and Medicare billing. (*See* Doc. No. 20 at 6.) There are no additional facts alleged in the Complaint that might possibly be read to support Plaintiff's allegation that he engaged in a "protected activity." The Court finds that Plaintiff's broad conclusory allegations are insufficient to meet the first requirement of the relevant whistleblower section.

Furthermore, even if Plaintiff had alleged facts to support his claim that he was involved in a protected activity, he nonetheless failed to plead facts that would meet the second element of notice. "'When seeking legal redress for retaliatory discharge under the FCA, plaintiff has the burden of pleading facts which would demonstrate that defendants had been put on notice that plaintiff was either taking action in furtherance of a private *qui tam* action or assisting in an FCA action brought by the government.'" *Yuhasz*, 341 F.3d at 567 (quoting *United States ex. rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996)). The Sixth Circuit has held that to meet the notice element a plaintiff must allege activities "that would have given

6

[the defendant] reason to believe that she was contemplating a *qui tam* action." *McKenzie I*, 123 F.3d at 944 (*see also McKenzie II*, 219 F.3d at 516 (a plaintiff "must sufficiently allege activity with a nexus to a *qui tam* action, or fraud against the United States government.")).

The only factual allegation of the Complaint possibly relevant to notice is that Plaintiff informed his employer, Brookfield, that Chief Barrett was debarred from Medicaid and Medicare billing. (Compl. ¶ 13.) However, it is not apparent from the face of the Complaint that the misfeasance complained of by Plaintiff violated the FCA. *See McKenzie II*, 219 F.3d at 518. The Complaint also fails to allege that Plaintiff informed Brookfield that Chief Barrett's directing billing violated that debarment, or that he otherwise informed Brookfield that the fire department had actually submitted any fraudulent claims to the government.

Even if this Court were to infer from the allegations of the Complaint that Plaintiff had informed Brookfield of these issues, such an inference would not support a finding that Plaintiff had alleged sufficient facts in support of the notice requirement. Plaintiff asserts in the Complaint that he had "assisted a Federal investigation" into the debarment of Barrett and the submission of false claims to the government, but he pleads no facts to indicate that Brookfield was actually aware of his activities or that it had any reason to believe that Plaintiff was contemplating a *qui tam* action. *See, e.g., Campion v. Northeast Utils.*, 598 F. Supp.2d 638, 658 (M.D. Penn. 2009) (dismissing §3730(h) claim under Fed. R. Civ. P. 12 because a plaintiff's "merely reporting his concern about mischarging the government to his supervisor does not suffice to establish that he was acting 'in furtherance of' a *qui tam* action.")

Had Plaintiff shown that he had given notice of alleged billing misfeasance to his employer, he would still need to show that "his employer was aware of his protected activity. Merely grumbling to the employer about […] regulatory violations does not satisfy the

7

requirement." *McKenzie II*, 219 F.3d at 518 (quoting *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 740 (D.C. Cir. 1998) (holding "an employee's investigation of nothing more than his employer's non-compliance with federal or state regulations" does not state a whistleblower claim)). While the notice need not explicitly characterize a plaintiff's concerns as involving false claims against the government, there must be some reason for the employer to suspect that the plaintiff was contemplating a *qui tam* action or was assisting the government in an FCA investigation. *See United State ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439 (6th Cir. 2008) (complaint alleging that Plaintiff clearly communicated concerns about the employer's actions and connected them with "a concern about fraud on the federal government" sufficiently stated a claim under the FCA). Here, the notice alleged in the Complaint fails to connect Plaintiff's activity to an FCA claim or investigation. Plaintiff failed to allege facts under which Defendants could have had any indication that Chief Barrett's debarment related to the submission of false claims to the government. By extension, Plaintiff failed to allege facts under which Defendants would have had any indication that Plaintiff may have ultimately initiated an FCA action or reported Defendants' activities to the federal government. This Court finds Plaintiff's allegations insufficient to state notice of the distinct possibility that Plaintiff intended to pursue an FCA claim or investigation.

Finally, Plaintiff's Complaint also fails to satisfy the third requirement, namely that his employer discharged or otherwise discriminated against him as a result of his participation in a protected activity. Plaintiff's Complaint merely alleges that Defendants "approved, condoned, and participated in retaliation against [Plaintiff] for exposing false claims made to the Federal Government Medicare and Medicaid programs" and Defendants "retaliated in their official and individual capacities against [Plaintiff] due to his engaging in the above-

described protected activities." (Compl. ¶¶ 7, 20.) Such conclusory allegations, without any factual allegations in support, are insufficient to state this element of a whistleblower claim. The Complaint must provide more than "a formulaic recitation of the elements of a cause of action" to state a claim. *Twombly*, 550 U.S. 555.[4]

For all the reasons explained above, Defendants do not have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Accordingly, the claim against Defendants as set forth in the Complaint does not satisfy the requirements of Fed. R. Civ. P 8(a)(2) and fails to state a claim.[5]

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion (Doc. No. 18) is **GRANTED**. The Complaint shall be dismissed in its entirety with prejudice.

**IT IS SO ORDERED**.

Dated: March 9, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[4] To be liable under the whistleblower section applicable to the instant action, the defendant must have been the plaintiff's employer. *See Yesudian v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001). Under the allegations of the Complaint only defendant Brookfield is alleged to be plaintiff's former employer. (*See* Compl. ¶¶ 5, 11.) Accordingly, dismissal may be appropriate against all remaining Defendants for this additional reason.

[5] Defendants, having assumed that Plaintiff was proceeding *qui tam*, have argued that this Court lacks jurisdiction over Plaintiff's claim because he failed to follow the FCA's procedures. (*See* Doc. No. 18 at 7.) As plaintiff proceeds only under Section 3730(h) of the FCA and not *qui tam* (*see* Doc. No. 20 at 2), this Court declines to address Defendants' argument. Clearly, a private right of action exists under § 3730(h) of whistleblower section, amended in 1986.